DOMENGEAUX, Judge.
This is a worker’s compensation case in which plaintiff seeks on-the-job benefits for the disability which he allegedly occasioned as a result of his suffering from emphysema. From a judgment which was rendered in favor of the plaintiff, defendant-employer appeals.
Plaintiff had been employed by Burton Shipyard in Texas for a number of years before he moved to Louisiana. In 1978, while engaged in his Texas employment he had been diagnosed as suffering from emphysema.
In September of 1980 plaintiff came to Krotz Springs, Louisiana, where he commenced employment with defendant Louis Ortis Boat Company as a welder. He re *971 mained in defendant’s employ for some nine months but in December of 1980, he experienced trouble breathing and consulted Dr. W.J. Briley, a physician in Opelousas, Louisiana. At that time Mr. Calais had missed some work, but he continued to work for the defendant boat company until May of 1981, when he was laid off. He looked for work elsewhere and returned twice to the Louis Ortis Boat Company in search of employment but in July of 1981, he felt he could no longer continue working because of his problem with emphysema. This suit to recover worker’s compensation benefits was filed in April of 1982.
The defendant seeks reversal, claiming the trial court erred in finding that plaintiff had carried his burden of establishing by an “overwhelming preponderance of the evidence” that this disease had been contracted in the course of and arising out of his employment. We agree and reverse on those grounds without reaching defendant’s other assignment of error dealing with a prescription claim.
La.R.S. 23:1031.1 states (in pertinent part):
“A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. An occupational disease shall mean only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.
[[Image here]]
D. Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months’ limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months’ employment by an overwhelming preponderance of evidence.
E. All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
Notice filed with the compensation insurer of such employer shall constitute a claim as required herein.”
(Emphasis added by the Court.)
Because plaintiff had worked for the Louis Ortis Boat Company for only nine months, La.R.S. 23:1031.1(D) applies and Mr. Calais’ emphysema is presumed non-occupational. Under the emphasized portion of the statute, plaintiff is required to show that the disease was contracted during his employment by an overwhelming preponderance of the evidence. This court has previously held that this provision of the Louisiana Workers’ Compensation Statute means exactly what it says. In Hanlon v. Sline Industrial Painters, Inc., 358 So.2d 700, 702 (La.App. 3rd Cir.1978), this Court stated that:
“it does not necessarily follow that liability rests on the employer at the time that the disease became disabling, as would be true in the typical ‘accident’ case. R.S. 23:1031.1 does not require that there be an accident in occupational disease cases. Also, Section 1031.1 states that a claimant cannot recover the benefits for occupational disease from a short-term employer, i.e., an employer for whom the plaintiff has worked for less than twelve (12) months, unless the *972 claimant can establish that he contracted such occupational disease during his short-term employment by an overwhelming preponderance of the evidence.” (Citations omitted.)
In the case sub judice, plaintiff was required to show that he contracted this disease, emphysema, during his nine months employment by an overwhelming preponderance of the evidence. It is evident that he has not done so.
The testimony of Dr. W.J. Briley, M.D., by deposition, is the only medical evidence in the record. It reveals that when the physician was asked if the disease was present in a complete sense in December of 1980, the doctor replied: “Oh, yes, he gave me that in his history. He knew he had emphysema when he went to work for them [defendant].” And when the physician was asked if he knew of anything specific about the plaintiff’s employment that caused him to have an aggravation of his emphysema, the doctor replied: “No, I can’t say anything specific.” Thus, the medical evidence in the record reveals that the disease was present in a complete sense when the plaintiff accepted his employment with the defendant company. The medical evidence also fails to point to any subsequent factors relating to plaintiff’s employment which aggravated the pre-existing condition.
The Louisiana Supreme Court in dealing with a similar issue, made the following comment, albeit in dicta:
“The only departure in 23:1031.1 is sub-section D, covering disability from occupational diseases occurring when a worker has been employed for less than twelve (12) months. In that case, the worker must prove by an ‘overwhelming preponderance of the evidence’ that the disease was contracted within the last twelve (12) months in order to establish that the ‘occupational disease .. . shall become compensable.’ 23:1031.1 D.” Carter v. Avondale Shipyards, Inc., 415 So.2d 174, 181 (La.1981). (Emphasis in the original.)
In the case at hand, there is no evidence that plaintiff contracted the disease while working for Louis Ortis Boat Company. In fact the evidence is to the contrary. Mr. Calais’ own testimony indicates that he had emphysema for some period of time and in fact went to work for the defendant with the knowledge of such. Because Mr. Calais did not work for the Louis Ortis Boat Company for the statutory minimum of twelve months he was required to prove that he contracted emphysema while in the defendant’s employ and thus overcome the presumption of La.R.S. 23:1031.1(D) by an overwhelming preponderance of the evidence. The plaintiff has failed to meet this burden.
The plaintiff also contends, based on the reasoning of Carter v. Avondale Shipyards, Inc., 415 So.2d 174 (La.1981) that defendant should be held liable. That case was a dispute between two successive employers over liability for worker’s compensation benefits due to the plaintiff on account of total and permanent disability caused by silicosis. In Carter plaintiff had been employed by DBR from 1940 to 1968 and by Avondale from 1968 to 1977. The court, after determining that plaintiff was indeed entitled to worker’s compensation benefits held Avondale liable for the full amount of the award stating:
“The decision to require contribution from a former employer, whose working conditions might have contributed to the occupational disease which ultimately disables the worker, is a policy decision which is best left to the legislature.” At 181.
However, our case is easily distinguishable 'from the Carter case in that the plaintiff in Carter had been employed by the second employer, Avondale, for eight or nine years and was not required to overcome the presumption of La.R.S. 1031.1(D). Here, plaintiff had been employed by the defendant company for only nine months. In Carter the court felt the policy decision that they were dealing with was one best left to the legislature. In the case at bar we are dealing with a policy decision which has already been made by the legislature, i.e., that when, as here, occupational disease *973 claims are made by a plaintiff who has been employed for less than twelve months, he shall not recover unless it is established by an “overwhelming preponderance of the evidence” that such occupational disease was contracted during his employment. Mr. Calais has not done what the statute requires him to do in order to recover.
For the above and foregoing reasons, the judgment of the trial court is reversed, and plaintiff’s suit is hereby ordered dismissed, at his costs, both at trial and on appeal.
REVERSED AND RENDERED.